MICHAEL D. GREEN, ESQ., SB# 214142
mgreen@abbeylaw.com
MATTHEW R. LILLIGREN, ESQ., SB# 246991
mlilligren@abbeylaw.com
SCOTT R. MONTGOMERY, ESQ., SB# 278060
smontgomery@abbeylaw.com
ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200
P.O. Box 1566
Santa Rosa, CA 95402-1566
Telephone: 707-542-5050
Facsimile: 707-542-2589

GERI LYNN GREEN (SBN 127709)
LAW OFFICE OF GERI LYNN GREEN
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Tel: (415) 982-2600
Fax: (415) 358-4562
greenlaw700@gmail.com
gerilynngreen@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANE SHIKMAN

Plaintiff,

v.

COUNTY OF LAKE; COUNTY OF LAKE SHERIFF BRIAN MARTIN; CAPTAIN GREG HOSMAN; SERGEANT RENEE LEFFLER; OFFICER JAMES RHINE; OFFICER DOUGLAS ALEMAN; OFFICER KATHERINE PRINCE; OFFICER JARED MCCOLOUGH; OFFICER JOSHUA PHILLIPI; DEPUTY KALEN BROCKWALDER; DEPUTY MICHAEL DAVIS; CALIFORNIA FORENSIC MEDICAL GROUP; TAYLOR FITHIAN, M.D.; ROBBIN BRIGGS; MONIQUE QUILLEN; MANDY ROBBINS; ALISHA STOTTSBERRY; and DOES 1-50;

Defendants.

_______________________________________/

Case No. 3:16-cv-5121

**COMPLAINT FOR DAMAGES**

**[WITH DEMAND FOR JURY TRIAL]**



ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**JURISDICTION/VENUE/GOVERNMENT CLAIM**

1. Plaintiff DANE SHIKMAN ("Plaintiff") alleges violations of the Constitutional rights of decedent Elizabeth Gaunt ("GAUNT") and of the Constitutional rights of Plaintiff with respect to his familial relationship with his mother GAUNT. Plaintiff states claims under 42 U.S. Code Section 1983, 42 U.S. Code Section 1988, 42 U.S. Code Section 12132, and other California statutory/common law identified herein.

2. Jurisdiction is conferred upon the United States District Court by 42 U.S. Code Sections 1331 and 1343. The United States District Court also has supplemental jurisdiction over the California state law claims alleged herein pursuant to 28 U.S. Code Section 1367 as the California state law claims arise from the same series of events and occurrences as those claims arising under federal law.

3. Venue is proper in the United States District Court, Northern District of California, under 42 U.S. Code Section 1391(b), as the events giving rise to liability occurred in Lake County, California.

4. Defendant County of Lake ("COUNTY") is, and at all relevant times alleged herein was, a public entity duly organized and existing under the laws of the State of California. A written claim for damages setting forth the matters alleged herein was duly and regularly presented to the COUNTY on January 29, 2016. Said presentation, and filing, was in compliance with the appropriate sections of the California Government Code. COUNTY rejected the claim in or about March 17, 2016. This action is, thus, timely filed within the provisions of the California Government Code with respect to those causes of action that require that such a claim be made.

5. Plaintiff hereby demands a jury trial in this action.

**IDENTIFICATION OF DECEDENT**

6. GAUNT, a mentally ill woman in need of acute psychiatric care, committed suicide while in custody of the COUNTY, at the Lake County Main Adult Detention Facility ("JAIL"), on August 2, 2015.

///

///

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

## IDENTIFICATION OF DEFENDANTS

7. COUNTY is, and at all relevant times alleged herein was, responsible for overseeing the JAIL, the Lake County Sheriff's Office, Lake County Sheriff BRIAN MARTIN ("MARTIN"), Lake County Sheriff's Captain Greg Hosman ("HOSMAN") Lake County Sheriff's deputies/correctional officers and other agents/employees/ contracted entities of COUNTY, employees/agents of contracted entities of COUNTY including, without limitation, CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG") and CFMG employees/agents including, but not limited to, CFMG doctors/nurses/other staff. COUNTY is liable for the intentional, reckless, and negligent acts of all of the aforementioned parties, personnel, and entities as described herein. COUNTY is, and at all relevant times alleged herein was, responsible for providing medical/mental health care at the JAIL.

8. Defendant MARTIN is, and at all relevant times alleged herein was, Sheriff for the COUNTY. Defendant HOMSAN is, and all relevant times herein was, the Sheriff's Captain in charge of the JAIL. In committing the acts and omissions alleged herein MARTIN and HOSMAN were acting under color of law and within the course and scope of their employment as Sheriff, and Sheriff's Captain in charge of the JAIL, for the COUNTY. MARTIN and HOSMAN are, and at all relevant times were, officials with final authority regarding policies, customs, and/or procedures at the JAIL and with final authority regarding the hiring, training, screening, supervision, discipline, retention, counseling, and control of COUNTY Sheriff's deputies/correctional officers, other COUNTY employees/agents at the JAIL, contracted entities of COUNTY at the JAIL, and employees/agents of contracted entities of COUNTY at the JAIL including, but not limited to, CFMG and CFMG employees/agents. Defendants MARTIN and HOSMAN are being sued in their individual and official capacities.

9. Defendant SERGEANT RENEE LEFFLER ("LEFFLER") is, and at all relevant times alleged herein was, a correctional officer/supervisor employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY. Defendant is being sued in both individual and official capacities.

10. Defendant OFFICER JAMES RHINE is, and at all relevant times alleged herein was, a correctional officer employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY. Defendant is being sued in both individual and official capacities.

11. Defendant OFFICER DOUGLAS ALEMAN is, and at all relevant times alleged herein was, a correctional officer employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY. Defendant is being sued in both individual and official capacities.

12. Defendant OFFICER KATHERINE PRINCE is, and at all relevant times alleged herein was, a correctional officer employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY. Defendant is being sued in both individual and official capacities.

13. Defendant OFFICER JARED MCCOLOUGH is, and at all relevant times alleged herein was, a correctional officer employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY. Defendant is being sued in both individual and official capacities.

14. Defendant OFFICER JOSHUA PHILLIPI is, and at all relevant times alleged herein was, a correctional officer employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY. Defendant is being sued in both individual and official capacities.

15. Defendant DEPUTY KALEN BROCKWALDER is, and at all relevant times alleged herein was, a deputy sheriff employed by the COUNTY. In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

of employment for the COUNTY. Defendant is being sued in both individual and official capacities.

16. Defendant DEPUTY MICHAEL DAVIS is, and at all relevant times alleged herein was, a deputy sheriff employed by the COUNTY. In committing the acts and omissions alleged herein defendant was acting under color of law and within the course and scope of employment for the COUNTY. Defendant is being sued in both individual and official capacities.

17. Defendant CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG") is, and at all relevant times alleged herein was, a corporation organized and existing under the laws of the State of California. CFMG has, and at all relevant times alleged herein had, a contract with COUNTY to provide mental health, medical, and psychiatric services for inmates at the JAIL. CFMG is, and at all relevant times alleged herein was, responsible for providing medical/mental health care at the JAIL. At all relevant times alleged herein CFMG and its employees/agents were acting under color of state law.

18. Defendant CFMG employees/agents ROBBIN BRIGGS ("BRIGGS"), MONIQUE QUILLEN ("QUILLEN"), MANDY ROBBINS ("ROBBINS"), and ALISHA STOTTSBERRY ("STOTTSBERRY") are, and at all relevant times alleged herein were, employees/agents of CFMG working at the JAIL for CFMG and COUNTY. These defendants, as employees/agents of CFMG, working at the JAIL, were acting under color of law and under contract with the COUNTY.

19. Defendant DR. TAYLOR FITHIAN ("FITHIAN") is, and at all relevant times alleged herein was, the President and Medical Director of CFMG. Defendant STOTTSBERRY is, and at all relevant times alleged herein was, the head of CFMG at the JAIL. In committing the acts and omissions alleged herein FITHIAN and STOTTSBERRY were acting under color of law, as the heads of the COUNTY's contracted medical/mental health provider at the JAIL, and within the course and scope of employment with CFMG. FITHIAN and STOTTSBERRY are, and at all relevant times were, officials with final authority regarding policies, customs, and/or procedures at the JAIL and with final authority regarding the hiring, training, screening,

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

supervision, discipline, retention, counseling, and control of CFMG employees/agents, acting under color of law, at the JAIL. Defendants FITHIAN and STOTTSBERRY are being sued in their individual and official capacities.

20. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 50 and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff as described in this complaint. Plaintiff will amend their Complaint to state the true names and capacities of defendants DOES 1 through 50 when they have been ascertained. Any reference in this Complaint to any named entity defendant, any individually named defendant, the terms "defendant," "defendants," "Defendant," and/or "Defendants" also refers to defendants DOES 1 through 50.

21. At all times mentioned in this Complaint each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants, and, in doing the things alleged in this Complaint, was acting within the course and scope of this agency or employment.

22. In committing the acts and/or omissions alleged herein defendants, including DOES, acted under color of authority and under color of law. Plaintiff sues all parties named as defendants in this Complaint in both their individual and official capacities.

## IDENTIFICATION OF PLAINTIFF

23. GAUNT was unmarried at the time of her death. Plaintiff SHIKMAN is the only child of GAUNT. SHIKMAN brings this action as the sole child/issue of GAUNT, and as successor-in-interest to GAUNT, for violations of rights personal to GAUNT, and for violation of rights personal to him, arising from injury to and death of GAUNT. A successor-in-interest affidavit is filed concurrently with this Complaint.

## FACTS LEADING TO GAUNT'S IN-CUSTODY SUICIDE

24. GAUNT, a mentally ill woman in need of acute mental health treatment, was first contacted by LAKE COUNTY SHERIFF'S DEPUTIES BROCKWALKDER and DAVIS on 8/1/2015 at about 12:15 p.m. in Nice, CA. GAUNT was found acting erratically and banging on

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

yard gates.

25. When contacted by BROCKWALDER and DAVIS, GAUNT was disoriented to time, place, and situation. GAUNT told BROCKWALDER and DAVIS, when asked, that it was 2005, she was in Florida, George Bush was the president of the United States, and her name was Carrie Scott.

26. BROCKWALDER and DAVIS ignored GAUNT's clear signs of acute mental illness including, but not limited to, her disorientation to time, place, and situation. Instead, BROCKWALDER and DAVIS placed GAUNT under arrest and took her to JAIL. When BROCKWALDER filled out the agency transport form, upon bringing GAUNT to JAIL, he ignored GAUNT's disorientation to time, place, and situation, and checked the box on the form that GAUNT had no medical/mental illness/mental health needs.

27. GAUNT arrived at JAIL at approximately 1:00 p.m. on 8/1/15. GAUNT was never booked. A pre-booking questionnaire was filled out by RHINE with a pat search conducted by LEFFLER. GAUNT was then placed in a sobering cell.

28. Sobering cell assessments were performed on GAUNT by RHINE and PHILLIPI. RHINE and PHILLIPI noted GAUNT had slurred speech, could not balance, was confused, was unsteady, and was disoriented to location, all clear signs of ongoing acute medical/mental health needs.

29. BRIGGS performed a sobering cell medical assessment on GAUNT at about 1:30 p.m. on 8/1/15. BRIGGS noted that GAUNT had a psychiatric history and that GAUNT had been seen recently by mental health at the Sonoma County Jail. Nevertheless, BRIGGS ignored GAUNT's serious and acute medical/mental health issues. Despite BRIGGS' knowledge at intake that GAUNT should not be accepted into the JAIL, and was in serious need of immediate mental health treatment, GAUNT was accepted into the JAIL and was not provided any mental health treatment while at the JAIL.

30. GAUNT, during her time at the JAIL prior to her death by suicide, was in a sobering cell with 15 minute visual checks required. During GAUNT's time at the JAIL she was observed removing her socks and using them to clean her cell, screaming, yelling, tearing up

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

blankets, wrapping blankets around her body like underwear, tearing up blankets and wrapping them around her feet, claiming there were bugs crawling out of her, screaming for help, talking to herself, pacing her cell, and attempting to take apart the toilet and sink.

31. GAUNT's acute psychosis was noted to be getting progressively worse as her time at the JAIL went on.

32. At all times while GAUNT was at the JAIL she in the sobering cell with video surveillance (surveillance camera in cell with a monitor in the booking area) and required in-person visual checks (supposed to be performed) by COUNTY every 15 minutes. The video surveillance of GAUNT shows the following (in brief narrative form) events took place in the approximately 2 hours preceding GAUNT's suicide (all times are approximate).

33. On 8/2/2015, at about 12:58 p.m., GAUNT began to tear her JAIL issued blanket into strips. GAUNT then began to check the strength of the sink and toilet and attempted to take the sink and toilet apart.

34. At about 1:23 p.m. LEFFLER approached GAUNT's cell. GAUNT was wearing the torn up blanket pieces wrapped around her body like underwear.

35. At about 1:38 p.m. LEFFLER approached GAUNT's cell. GAUNT was still wearing the torn up blanket strips wrapped around her body like underwear. GAUNT then ripped up more blankets.

36. At about 1:45 p.m. GAUNT screamed for help stating "help me," "help me."

37. At about 1:47 p.m. GAUNT and LEFFLER spoke at the door of GAUNT's cell. GAUNT screamed "help me," "help me." LEFFLER walked away.

38. At about 1:52 p.m. ROBBINS approached GAUNT's cell door, marked the log, and walked away.

39. At about 1:55 p.m. GAUNT began securing strips of JAIL blanket she had ripped apart to the sink in her cell. She was talking to herself throughout this time. She tested the strength of the torn blanket strips, the sink, and the knots she had made.

40. At about 2:08 p.m. GAUNT wrapped the strip of JAIL blanket she had secured to the sink around her neck, sat down, and began to hang herself from the sink in the sobering cell.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

41. At about 2:10 p.m. PRINCE approached the cell. GAUNT had just begun hanging herself. PRINCE did nothing to stop GAUNT from hanging herself or to otherwise protect her. PRINCE looked in through GAUNT's cell window. PRINCE noted on the observation log that GAUNT was fine despite the fact that GAUNT, in fact, had just begun to hang herself.

42. At about 2:25 p.m. MCCOLLOUGH approached the cell. MCCOLLOUGH asked GAUNT to approach the front of the cell. When GAUNT would not approach MCCOLLOUGH entered the cell. GAUNT had now been hanging for 18-20 minutes. GAUNT was pronounced dead in the emergency department at Sutter Lakeside Hospital. The cause of death was suicide by hanging.

43. No mental health screening or suicide risk assessment was performed on GAUNT during the 26 or so hours that she was at the JAIL and GAUNT was not, at any point, seen by a qualified mental health professional while at the JAIL despite her acute, obvious, and known mental illness from the time of her arrest to the time of her death.

44. GAUNT, from the deputies' initial contact with her, until she ultimately committed suicide at the JAIL, was disoriented to time, place, situation, paranoid, talking to herself, anxious, and exhibiting extremely erratic behavior. This was witnessed by, and known to, COUNTY/CFMG, and employees/agents of COUNTY/CFMG, including LEFFLER; RHINE; ALEMAN; PRINCE; MCCOLOUGH; PHILLIPI; BROCKWALDER; DAVIS; BRIGGS; QUILLEN; and ROBBINS. Despite the fact that GAUNT's acute mental illness was known, obvious, and discussed amongst custody and medical staff, mental health treatment for GAUNT was still never obtained.

45. Additionally, COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, HOSMAN, and DOES maintained policies, customs, and/or de facto informal customs, and/or practices of permitting, ignoring, and condoning the following at the JAIL (which individually and collectively resulted in Constitutional violations at the JAIL, with respect to the delivery of mental health care to detainees, including GAUNT, and which proximately caused the death of GAUNT by suicide): (1) delaying and failing to respond with adequate mental health assistance when needed and requested; (2) failing to properly observe and treat detainees/inmates with

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

mental illness; (3) failing to adequately provide ongoing mental health screenings and evaluations to persons with mental illness; (4) failing to make timely referral to mental health professionals when needed; (5) failing to institute treatment plans for those persons at the JAIL with mental health needs; (6) failing to prescribe, administer, and deliver medications and failing to provide necessary prescribed medications; (7) failing to complete adequate medical record keeping; (8) failing to have adequate qualified medical and mental health staffing (in both amount and types of providers); (9) failing to have adequate communication between medical, mental health, and custodial staff regarding mental health treatment/care; (10) failing to have adequate supervision of inmates; (11) refusing access and delivery of mental/medical health care to inmates; (12) failing to periodically monitor inmates/detainees with serious mental and medical health conditions; (13) failing to comply with statutory guidelines, mandates and duties enacted for the protection of individuals with mental illness at the JAIL; (14) failing to supervise, report, investigate, and reprimand officers, aides, and medical care providers that engage in wrongful conduct including, but not limited to, taunting inmates, encouraging suicide of inmates, and failing to provide/request mental health treatment when indicated; (15) failing to screen inmates for mental illness; (16) failing to provide and follow written procedures for ensuring access to mental health care treatment by qualified professionals; (17) providing inadequately trained and credentialed mental health care staff at the JAIL, such as Licensed Vocational Nurses and Licensed Psychiatric Technicians who have no ability/authority to provide mental health care/treatment/medication to detainees, instead of providing nurses/doctors and, further, having said unqualified/underqualified personnel perform tasks that go beyond their licensure; (18) failing to appropriately refer JAIL detainees who exhibit symptoms of mental illness during encounters with custody/medical staff to outside (or inside) mental health providers; (19) failing to adequately identify, track, and supervise prisoners who are at risk for suicide and/or mental illness; (20) failing to eliminate suicide hazards in the JAIL; (21) failing to provide adequate mental health therapy at the JAIL; (22) failing to transfer JAIL detainees with recognized severe mental illness and suicidality, like GAUNT, to facilities that can provide adequate mental health care, instead accepting them into the JAIL.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

46. Defendants COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, HOSMAN and DOES maintained policies, customs, or practices of understaffing the JAIL with custody and qualified medical/mental health personnel resulting in a failure to properly monitor inmates particularly where, as with GAUNT, mental illness was known/recognized and no treatment obtained.

47. Defendants COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, HOSMAN and DOES maintained policies, customs, or practices of staffing the JAIL with **no** qualified mental health professional at all during the weekends. In this case there was no qualified mental health professional at the JAIL at any time while GAUNT was present at the JAIL prior to her suicide but still, despite this, GAUNT was accepted into the JAIL with clear, obvious, and acute mental illness.

48. Additionally, defendants COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, HOSMAN and DOES maintained policies, customs, or practices of delaying the provision of mental health services to inmates like GAUNT with serious mental health conditions.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL/MENTAL HEALTH NEEDS OF GAUNT AND FAILURE TO PROTECT GAUNT FROM HARM)**
**(AGAINST ALL DEFENDANTS INCLUDING DOES)**

49. Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint (above and below) as though fully set forth herein.

50. GAUNT had serious medical/mental health needs at all relevant times alleged in this Complaint.

51. Defendants, including DOES, were, at all relevant times alleged herein, acting under color of law and within the course and scope of their official duties/employment for the COUNTY, and/or CFMG, at the JAIL. GAUNT, at all relevant times alleged herein, was in the custody of COUNTY, and/or CFMG, at the JAIL. CFMG, at all relevant times, was under contract with the COUNTY to provide medical/mental health services to detainees, like GAUNT, at the JAIL.

52. By reason of the specific actions and inactions of defendants, including DOES, as detailed above, defendants violated the Constitutional rights and liberty interests of GAUNT including, but not limited to, those rights provided to GAUNT in the Fourteenth Amendment to the United States Constitution including, but not limited to, GAUNT's right to Constitutionally adequate medical/mental health while at the JAIL and GAUNT's right to be protected from unnecessary pain/suffering/harm while at the JAIL. Defendants, further, have violated Plaintiff's individual right, under the Fourteenth Amendment, to not be deprived of his familial relationship with GAUNT without due process of law.

53. Defendants, including DOES, as provided in-detail above, were deliberately indifferent to GAUNT's serious medical/mental health needs while she was at the JAIL and were deliberately indifferent in failing to protect GAUNT from unnecessary harm/pain/suffering at the JAIL. Defendants, and each of them, ignored GAUNT's serious medical/mental health needs, failed/refused to provide GAUNT access to, and delivery of, mental health evaluations, interventions, care, treatment, and, further, failed to intervene to prevent GAUNT from committing suicide despite the fact that GAUNT made numerous calls for help to LEFFLER, PRINCE witnessed GAUNT in the process of committing suicide in-person (in real time), and ALEMAN witnessed GAUNT in the process of committing suicide on the continuous video surveillance system.

54. As a direct and proximate result of defendant's deliberate indifference to GAUNT's serious medical/mental health needs, as detailed above, GAUNT's serious, but treatable, mental health condition went untreated. Rather than being provided the mental health treatment she needed GAUNT was taken to JAIL where she ultimately committed suicide as defendants watched. This caused GAUNT to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of GAUNT's Fourteenth Amendment rights, as pretrial detainee, and, ultimately, resulted in GAUNT's death at the JAIL by suicide.

55. As a further direct and proximate result of defendants' actions and inactions Plaintiff was deprived of his personal Constitutional rights to familial relations with GAUNT under the Fourteenth Amendment as detailed above.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

56. Plaintiff, in addition to his personal claims, seeks damages for the pain and suffering caused to GAUNT prior to her death by suicide. This claim is brought as a survival action on GAUNT's behalf and seeks damages, specifically, for the loss of GAUNT's right to life as well as the physical injuries, pain, emotional anguish, and trauma that GAUNT suffered prior to her death.

57. The acts complained of herein resulted in unwarranted interference with Plaintiff's Fourteenth Amendment right to familial relations with decedent GAUNT and Plaintiff claims damages in this action for loss of such rights. Plaintiff has suffered loss of his familial relationship with GAUNT, including loss of society, comfort, companionship, solace, love, affection, services, and moral support and has, further, incurred burial and funeral expenses.

58. Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable attorneys' fees and costs on this cause of action.

59. Each defendant, including DOES, acted intentionally, recklessly, and/or with callous indifference to GAUNT's serious medical/mental health needs and to Plaintiff's, and to GAUNT's, Constitutional rights. As such defendants should be assessed punitive damages on this cause of action.

## SECOND CAUSE OF ACTION
**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- INADEQUATE POLICIES, CUSTOMS, AND/OR PRACTICES RESULTING IN DEPRIVATION OF MEDICAL/MENTAL HEALTH CARE TO GAUNT AND FAILURE TO PROTECT GAUNT FROM HARM)**
**(AGAINST DEFENDANTS COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, HOSMAN AND DOES ONLY)**

60. Plaintiff realleges and incorporates by reference all paragraphs alleged in this Complaint (above and below) as though fully set forth herein.

61. Defendants COUNTY and CFMG had inadequate policies, customs, and/or practices with respect to providing medical/mental health care to detainees at the JAIL, and with respect to protecting detainees like GAUNT from unnecessary harm/pain/suffering while at the JAIL, including, but not limited to, as listed above in this Complaint.

62. MARTIN and HOSMAN are, and at all relevant times were, the COUNTY officials with final policy/decision-making authority with respect to the provision of

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

medical/mental health care at the JAIL. FITHIAN and STOTTSBERRY are, and at all relevant times were, the CFMG officials charged with final policy/decision-making authority regarding the provision of medical/mental health care at the JAIL.

63. By reason of the actions and inactions of defendants, as detailed above, defendants, including DOES, violated the Constitutional rights and liberty interests of GAUNT including, but not limited to, GAUNT's Fourteenth Amendment right to Constitutionally adequate medical/mental health care while at the JAIL and GAUNT's Constitutional right to be protected from unnecessary pain/suffering/harm while at the JAIL. Defendants, further, have violated Plaintiff's individual rights, under the Fourteenth Amendment, to not be deprived of his familial relationship with GAUNT without due process of law.

64. Prior to GAUNT's suicide there was a history of numerous suicides by hanging at the JAIL. Defendants COUNTY, CFMG, MARTIN, HOSMAN, FITHIAN, and STOTTSBERRY were well aware of this history of suicide by hanging at the JAIL. This history of suicide by hanging at the JAIL includes a completed suicide by hanging at the JAIL in 2010, a completed suicide by hanging at the JAIL in 2012, and a completed suicide at the JAIL by hanging in 2014. When the three previous suicides at the JAIL occurred CFMG was the contracted medical provider at the JAIL. On information and belief the suicide rate at the JAIL is many, many, times higher than the national average for jails with an equivalent inmate population.

65. CFMG, FITHIAN, and STOTTSBERRY have a history of failing to provide even minimally adequate medical/mental health care to prisoners at the JAIL and, generally, at jails/facilities around the State of California where CFMG is the medical provider. This has resulted in numerous civil rights lawsuits against CFMG and FITHIAN many of which are currently ongoing. CFMG and FITHIAN's substandard and constitutionally deplorable care is provided, at least in part, due to the fact that CFMG charges a flat rate for medical care at the JAIL to COUNTY (per prisoner, per day) which incentivizes FITHIAN and CFMG to provide the most minimal care possible at the JAIL so as to maximize profit for CFMG.

66. As a direct and proximate result of the above-described policies, customs, and/or practices GAUNT's serious, but treatable, mental health condition went untreated. This caused GAUNT to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of her Fourteenth Amendment rights and, ultimately, resulted in GAUNT's death at the JAIL by suicide. The defendants identified in this cause of action, including DOES, knew that the policies, customs, and/or practices were inadequate but, despite this, defendants were deliberately indifferent to the serious risk posed by same (which serious risk had manifested in three previous suicides at the JAIL). Accordingly, these defendants, including DOES, in doing the above-described actions/inactions, were deliberately indifferent to GAUNT's serious medical/mental health needs.

67. As a further direct and proximate result of defendants' actions and inactions Plaintiff was deprived of his personal Constitutional right to familial relations with GAUNT under the Fourteenth Amendment.

68. SHIKMAN, in addition to his personal claim, seeks damages for the pain and suffering caused to GAUNT prior to her death by suicide at the JAIL. This claim is brought as a survival action on GAUNT's behalf and seeks damages, specifically, for the loss of GAUNT's right to life as well as the physical injuries, pain, emotional anguish, and trauma that GAUNT suffered prior to her death due to these defendants' failures and intentional acts in being deliberately indifferent to GAUNT's medical/mental health needs resulting in her suicide.

69. The acts complained of herein resulted in unwarranted interference with all Plaintiff's Fourteenth Amendment right to familial relations with decedent GAUNT and Plaintiff claims damages in this action for loss of such rights. Plaintiff has suffered loss of his familial relationship with GAUNT, including loss of society, comfort, companionship, solace, love, affection, services, and moral support and has, further, incurred burial and funeral expenses.

70. Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable attorneys' fees and costs on this cause of action.

71. Each defendant, including DOES, acted intentionally, recklessly, and/or with callous indifference to GAUNT's serious medical/mental health needs and to Plaintiff, and to

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

GAUNT's, Constitutional rights. As such defendants should be assessed punitive damages on this cause of action.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- FAILURE TO TRAIN/SUPERVISE RESULTING IN DEPRIVATION OF MEDICAL/MENTAL HEALTH CARE TO GAUNT AND FAILURE TO PROTECT GAUNT FROM HARM) (AGAINST DEFENDANTS COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, HOSMAN AND DOES ONLY)**

72. Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint (above and below) as though fully set forth herein.

73. Defendants COUNTY and CFMG had inadequate training/supervision, or no training/supervision at all, at the JAIL to assure that employees/agents provided proper medical/mental health care to prisoners, like GAUNT, and to assure that employees/agents protect prisoners, like GAUNT, from harm by recognizing and treating mental illness and preventing suicide.

74. COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, and HOSMAN were aware, or should have been aware (due to numerous past suicides at the JAIL), that employees/agents were not adequately trained/supervised to: (1) provide timely access to and delivery of mental and medical care to inmates when needed and requested; (2) transport mentally ill individuals to approved mental health facilities for treatment and assessment when necessary; (3) periodically monitor suicidal detainees; (4) provide mental health visits; (5) detect suicide signs and report same; (6) utilize video monitoring of the sobering cell to assure welfare of detainees; (7) refuse to accept arrestees who have mental health needs that exceed the capabilities of the JAIL, particularly on weekends when no mental health services are available at the JAIL; (8) provide timely and adequate suicide risk assessments.

75. MARTIN and HOSMAN are, and at all relevant times were, the COUNTY officials with final policy/decision-making authority with respect to the provision of medical/mental health care at the JAIL and training/supervision of employees/agents at the JAIL. FITHIAN and STOTTSBERRY are, and at all relevant times were, the CFMG officials charged with final policy/decision-making authority regarding the provision of medical/mental health care at the JAIL and training/supervision of employees/agents at the JAIL.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

76. By reason of the actions and inactions of defendants, as detailed above, defendants violated the Constitutional rights and liberty interests of GAUNT including, but not limited to, GAUNT's Fourteenth Amendment right to Constitutionally adequate medical/mental health care while at the JAIL and GAUNT's Constitutional right to be protected from unnecessary pain/suffering/harm while at the JAIL. Defendants, further, have violated Plaintiff's individual rights, under the Fourteenth Amendment, to not be deprived of his familial relationship(s) with GAUNT without due process of law.

77. Prior to GAUNT's suicide there was a history of numerous suicides by hanging at the JAIL. Defendants COUNTY, CFMG, MARTIN, HOSMAN, FITHIAN, and STOTTSBERRY were well aware of this history of suicide by hanging at the JAIL. This history of suicide by hanging at the JAIL includes a completed suicide by hanging at the JAIL in 2010, a completed suicide by hanging at the JAIL in 2012, and a completed suicide at the JAIL by hanging in 2014. When the three previous suicides at the JAIL occurred CFMG was the contracted medical provider at the JAIL. On information and belief the suicide rate at the JAIL is many, many, times higher than the national average for jails with an equivalent inmate population.

78. CFMG, FITHIAN, and STOTTSBERRY have a history of failing to provide even minimally adequate medical/mental health care to prisoners at not just the JAIL but also at jails/facilities around the State of California where CFMG is the jail medical provider. This has resulted in numerous civil rights lawsuits against CFMG and FITHIAN. CFMG and FITHIAN's substandard and constitutionally deplorable care is provided, at least in part, due to the fact that CFMG charges a flat rate for medical care at the JAIL (per prisoner, per day) which incentivizes FITHIAN and CFMG to provide the most minimal care possible at the JAIL so as to maximize profit for FITHIAN and CFMG.

79. As a direct and proximate result of the above-described training/supervision GAUNT's serious, but treatable, mental health condition went untreated. This caused GAUNT to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of her Fourteenth Amendment rights and, ultimately, resulted in GAUNT's death at the JAIL on

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

May 10, 2014 by suicide. Defendants, including DOES, knew that the policies, customs, and/or practices were inadequate but, despite this, Defendants were deliberately indifferent to the serious risk posed by same (which serious risk had manifested in, including but not limited to, three previous suicides at the JAIL). Accordingly, Defendants, in doing the above-described actions/inactions, were deliberately indifferent to GAUNT's serious medical/mental health needs.

80. As a further direct and proximate result of Defendants' actions and inactions Plaintiff was deprived of his personal Constitutional rights to familial relations with GAUNT under the Fourteenth Amendment.

81. SHIKMAN, in addition to his personal claim, seeks damages for the pain and suffering caused to GAUNT prior to her death by suicide at the JAIL. This claim is brought as a survival action on GAUNT's behalf and seeks damages, specifically, for the loss of GAUNT's right to life as well as the physical injuries, pain, emotional anguish, and trauma that GAUNT suffered prior to her death due to these defendants' failures and intentional acts in being deliberately indifferent to GAUNT's medical/mental health needs resulting in her suicide.

82. The acts complained of herein resulted in unwarranted interference with all Plaintiff's Fourteenth Amendment right to familial relations with decedent GAUNT and Plaintiff claims damages in this action for loss of such rights. Plaintiff has suffered loss of his familial relationship with GAUNT, including loss of society, comfort, companionship, solace, love, affection, services, and moral support and has, further, incurred burial and funeral expenses.

83. Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable attorneys' fees and costs on this cause of action.

84. Each defendant, including DOES, acted intentionally, recklessly, and/or with callous indifference to GAUNT's serious medical/mental health needs and to Plaintiff, and to GAUNT's, Constitutional rights. As such defendants should be assessed punitive damages on this cause of action.

///

///

///

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

## FOURTH CAUSE OF ACTION
## (WRONGFUL DEATH ARISING FROM NEGLIGENCE)
## (AGAINST ALL DEFENDANTS, INCLUDING DOES)

85. Plaintiff realleges and incorporates by reference all paragraphs in this Complaint (above and below) as though fully set forth herein

86. GAUNT was in the custody of defendants, including DOES, at the JAIL at the time of her death. Defendants, including DOES, each owed a duty to GAUNT as detailed in this Complaint.

87. Defendants, and employees/agents of defendants acting within the course and scope of their employment/agency, including DOES, negligently, carelessly, and unskillfully cared for, attended to, handled, controlled, supervised, and monitored GAUNT all as detailed above and below in this Complaint.

88. Defendants, and each of them, also failed to supervise, train, and monitor subordinates and failed to timely obtain mental health care for GAUNT prior to her suicide as detailed in this Complaint.

89. Defendants CFMG, FITHIAN, BRIGGS, ROBBINS, QUILLEN, NASH, and DOES are, and at all relevant times were, medical providers and each breached the applicable medical and professional standard of care with respect to GAUNT as detailed in this Complaint.

90. GAUNT's death was a direct and proximate result of the wrongful and/or negligent acts and/or omissions of defendants all as detailed above. Defendants' acts and/or omissions, and each of them, were a direct and proximate cause of Plaintiff' injuries and damages, as alleged herein.

91. As a direct and proximate result of Defendants' actions and inactions at the JAIL GAUNT committed suicide. As such Plaintiff is entitled to recover damages for wrongful death in an amount according to proof at trial and as allowed by law.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6)
## (AGAINST ALL DEFENDANTS, INCLUDING DOES)

92. Plaintiff realleges and incorporates by reference all paragraphs in this Complaint (above and below) as though fully set forth herein

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

93. Pursuant to California Government Code § 845.6 Defendants, including DOES, had a duty to monitor, check, and respond to GAUNT while she was at the JAIL. Further, defendants had a duty to summon needed medical/mental health care for GAUNT, and to protect GAUNT from harm, at the JAIL.

94. Defendants, and each of them, knew, or had reason to know, GAUNT was in need of acute psychiatric and mental health care, and that she was a suicide risk, and that she was in the process of actively committing suicide for a lengthy period of time before their eyes, as described above in this Complaint. Despite this knowledge Defendants, including DOES, and each of them, failed to take reasonable action to summon medical/mental health care for GAUNT.

95. As a direct and proximate result of defendants' actions and inactions at the JAIL GAUNT committed suicide. As such Plaintiff is entitled to recover damages for wrongful death in an amount according to proof at trial and as allowed by law.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF 42 U.S. CODE § 12132- AMERICANS WITH DISABILITIES ACT- FAILURE TO ACCOMMODATE GAUNT'S MENTAL DISABILITY AND DISCRIMINATION AGAINST GAUNT BASED ON MENTAL DISABILITY)**
**(AGAINST COUNTY, CFMG, AND DOES ONLY)**

96. Plaintiff realleges and incorporates by reference all paragraphs (above and below) in this Complaint as though fully set forth herein

97. The ADA prohibits COUNTY from denying a qualified individual with a disability the benefits of the services, programs, or activities of the public entity because of the individual's disability.

98. Defendants COUNTY and CFMG are legally responsible for all violations of the ADA committed by CFMG in the course of CFMG, under its contractual arrangement with the COUNTY, providing medical/mental health care services to prisoners in the JAIL.

99. The ADA defines "a qualified individual with a disability" as a person who suffers from a "physical or mental impairment that substantially limits one or more major life activities," including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

100. GAUNT, from the time she was arrested by BROCKWALDER through when she committed suicide at the JAIL, suffered from a mental impairment that limited her major life activities in that she was disoriented to time, place, and situation and suffered from severe and obvious acute mental illness. GAUNT was a "qualified individual with a disability" from the time of her arrest until she died at the JAIL within the plain language of the ADA.

101. COUNTY and CFMG violated 42 U.S. Code § 12132 (ADA) in that COUNTY and CFMG knew of GAUNT's mental disability, as detailed specifically above, but had complete and utter disregard for GAUNT's mental disability, discriminated against GAUNT based on her mental disability, and failed to reasonably accommodate GAUNT's mental disability. This discrimination and failure to reasonably accommodate GAUNT led GAUNT to suffer and, ultimately, to commit suicide.

102. As a direct and proximate result of defendants' actions and inactions as alleged herein GAUNT, through her successor-in-interest, is entitled to damages in an amount according to proof at trial and as allowed by law including, but not limited to, attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

**<u>SEVENTH CAUSE OF ACTION</u>**
**(VIOLATION OF CIVIL CODE 51- UNRUH ACT- FAILURE TO ACCOMMODATE GAUNT'S MENTAL DISABILITY AND DISCRIMINATION AGAINST GAUNT BASED ON MENTAL DISABILITY)**
**(AGAINST COUNTY, CFMG, AND DOES ONLY)**

103. Plaintiff realleges and incorporates by reference all paragraphs (above and below) in this Complaint as though fully set forth herein.

104. Civil Code 51 provides that "(f) [a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) **<u>shall</u>** also constitute a violation of this section." (Emphasis added.) As alleged in the preceding cause of action GAUNT's rights under the ADA were violated and, accordingly, a violation of Civil Code 51 also occurred.

105. The ADA prohibits COUNTY from denying a qualified individual with a disability… the benefits of the services, programs, or activities of the public entity because of the individual's disability.

106. Defendants COUNTY and CFMG are legally responsible for all violations of the ADA committed by CFMG in the course of CFMG, under its contractual arrangement with the COUNTY, providing medical and mental health care services to prisoners in the JAIL.

107. The ADA defines "a qualified individual with a disability" as a person who suffers from a "physical or mental impairment that substantially limits one or more major life activities," including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."

108. GAUNT, from the time she was arrested by BROCKWALDER through when she committed suicide while at the JAIL, suffered from a mental impairment that limited her major life activities in that she was disoriented to time, place, and situation and suffered from severe and obvious mental illness. GAUNT was a "qualified individual with a disability" from the time of her arrest until she died at the JAIL within the plain language of the ADA.

109. COUNTY and CFMG violated 42 U.S. Code § 12132 (ADA) in that COUNTY and CFMG knew of GAUNT's mental disability, as detailed specifically above, but had complete and utter disregard for GAUNT's mental disability, discriminated against GAUNT based on her mental disability, and failed to reasonably accommodate GAUNT's mental disability. This discrimination and failure to reasonably accommodate GAUNT led GAUNT to suffer and, ultimately, to commit suicide.

110. COUNTY and CFMG are liable to GAUNT, via successor-in-interest, for all remedies allowed under Civil Code 52 including, but not limited to, treble damages and attorney's fees.

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages according to proof on the appropriate causes of action;

2. For special damages according to proof on the appropriate causes of action;

3. For pecuniary damages according to proof on the appropriate causes of action;

4. For punitive damages according to proof against the appropriate defendants on the appropriate causes of action;

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

5. For treble damages according to proof against the appropriate defendants on the appropriate causes of action;

6. For funeral and burial expenses on the appropriate causes of action;

7. For wrongful death damages according to proof on the appropriate causes of action;

8. For costs of suit;

9. For prejudgment interest;

10. For attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Civil Code 52 and otherwise against the appropriate defendants on the appropriate causes of action.

DATED: September 2, 2016

ABBEY, WEITZENBERG, WARREN & EMERY

By: /s/Michael D. Green
MICHAEL D. GREEN
MATTHEW L. LILLIGREN
SCOTT R. MONTGOMERY
Attorneys for Plaintiff

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action.

DATED: September 2, 2016

ABBEY, WEITZENBERG, WARREN & EMERY

By: /s/Michael D. Green
MICHAEL D. GREEN
MATTHEW L. LILLIGREN
SCOTT R. MONTGOMERY
Attorneys for Plaintiff