```
 1  JEROME M. VARANINI, ESQ. (State Bar No. 58531)
    THE LAW OFFICES  OF JEROME M. VARANINI
 2  641 FULTON AVENUE, Suite 200
    SACRAMENTO, CA (95825)
 3  P.O. BOX 590
    SACRAMENTO, CA  95812-0590
 4  TELEPHONE:  (916) 993-4868

 5  Attorney For Defendants
    CALIFORNIA FORENSIC MEDICAL GROUP, INC.,
 6  TAYLOR FITHIAN, M.D.,ALISHA STOTTSBERRY, R.N.,
    ROBIN BRIGGS, L.V.N., MONIQUE QUILLEN, L.V.N.,
 7  and MANDY ROBBINS, L.V.N.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE SHIKMAN | CASE NO. 1:16 cv-05121 |
| Plaintiffs, | **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., ALISHA STOTTSBERRY, R.N., MANDY ROBERTS, L.V.N., MONIQUE QUILLEN, L.V.N., AND ROBIN BRIGGS, L.V.N.** |
| vs. | |
| COUNTY OF LAKE, COUNTY OF LAKE SHERIFF BRIAN MARTIN; CAPTAIN GREG HOSMAN; SERGEANT RENEE LEFFLER, et al | |
| Defendants. | |

**COME NOW** DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., ALISHA STOTTSBERRY, R.N., MANDY ROBERTS, L.V.N., MONIQUE QUILLEN, L.V.N., and ROBIN BRIGGS, L.V.N. and respond to plaintiff's Complaint as follows:

**I.**

**RESPONSE TO**

**"JURISDICTION/VENUE/GOVERNMENT CLAIM"**

1. In response to paragraphs 1 and 5  of the Complaint, all the

1

while denying any liability to plaintiff by these responding defendants on the theories alleged or at all, defendants acknowledge that plaintiff has made claims that purport to be based on both state and federal law and, further, defendants acknowledge that plaintiff has demanded a jury trial in this matter. Defendants deny all remaining allegations in paragraphs 1 and 5 of the Complaint on lack of information and belief.

2. In response to the allegations of paragraphs 2 and 3 of the Complaint, defendants agree that based on the literal language of the Complaint, jurisdiction and venue are proper in this court.

3. In response to the allegations of paragraph 4 of the Complaint, defendants lack sufficient information and belief to admit or deny the allegations therein contained and on that basis deny said allegations.

**II.**

**RESPONSE TO**

**"IDENTIFICATION OF DECEDENT"**

4. In response to the allegations of paragraph 6 of the Complaint, defendants deny the allegations therein contained on lack of information and belief.

**III**

**RESPONSE TO**

**"IDENTIFICATION OF DEFENDANTS"**

5. In response to the allegations of paragraphs 7,8,9,10,11,12, 13,14,15,16, and 20 of the Complaint defendants deny the allegations therein contained on lack of information and belief;

6. In response to the allegations of paragraph 17 of the Complaint, defendants admit that defendant "CFMG" is a California Corporation and that "CFMG" did enter into a contract with the County of Lake to provide care and treatment for inmates at the Lake County Jail pursuant to the

terms of said contract. Defendants deny all remaining allegations of said paragraph on lack of information and belief.

7. In response to the allegations of paragraph 18 of the Complaint, defendants admit that defendants Stottsberry, Robbins, Briggs, and Quillen were employees of "CFMG" providing care to inmates at the Lake County Jail within the scope of their respective licenses as well as the terms and conditions of the contract for such care between "CFMG" and the County of Lake. Except as herein above admitted, defendants deny all remaining allegations of said paragraph on lack of information and belief.

8. In response to the allegations of paragraph 19 of the Complaint defendants admit that defendant Fithian was the President and Medical Director of "CFMG". Defendants deny any and all allegations that defendants Fithian and/or Stottsberry are liable to plaintiff under any claim set forth in the Complaint or at all. Except as admitted and denied herein, defendants deny all remaining allegations of said paragraph on lack of information and belief.

9. In response to the allegations in paragraphs 21 and 22, defendants deny the allegations therein contained.

**IV.**

**RESPONSE TO**

**"IDENTIFICATION OF PLAINTIFF"**

10. In response to the allegations of paragraph 23 of the Complaint, defendants deny the allegations therein contained on lack of information and belief.

**V.**

**RESPONSE TO**

**"FACTS"**

11. In response to the allegations of paragraphs

3

24,25,26,27,28,30,32,33,34,35,36,37,38,39,40,41,and 42 of the Complaint, defendants deny the allegations therein contained on lack of information and belief.

12. In response to the allegations of paragraphs 29,31,43,44,45,46,47 and 48 of the Complaint, defendants deny the allegations therein contained.

**VI.**

**RESPONSE TO**

**"FIRST CAUSE OF ACTION"**

13. In response to the allegations of paragraph 49 of the Complaint, defendants re-allege and re-incorporate herein as if fully set forth, their responses to paragraphs 1 through 48 of the Complaint.

14. In response to the allegations of paragraphs 50 and 51 of the Complaint, defendants deny the allegations therein contained on lack of information and belief.

15. In response to the allegations of paragraphs 52,53,54,55,56,57,58,and 59 of the Complaint, defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**VII.**

**RESPONSE TO**

**"SECOND CAUSE OF ACTION"**

16. In response to the allegations of paragraph 60 of the Complaint, defendants re-allege and re-incorporate herein by reference as if fully set forth, the responses to paragraphs 1 through 59 of the Complaint.

17. In response to the allegations of paragraphs 61 through 71 of the Complaint, defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

4

**VIII.**

**RESPONSE TO**

**"THIRD CAUSE OF ACTION"**

18. In response to the allegations of paragraph 72 of the Complaint, defendants re-allege and re-incorporate herein as if fully set forth the responses to paragraphs 1 through 71 of the Complaint.

19. In response to the allegations of paragraphs 73 through 84 of the Complaint, defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**IX.**

**RESPONSE TO**

**"FOURTH CAUSE OF ACTION"**

20. In response to the allegations of paragraph 85 of the Complaint, defendants re-allege herein as if fully set forth their response to paragraphs 1 through 84.

21. In response to the allegations of paragraphs 85 through 91, of the Complaint, defendants deny the allegations therein contained and that plaintiff was damaged as alleged or at all.

**X.**

**RESPONSE TO**

**"FIFTH CAUSE OF ACTION"**

22. In response to the allegations of paragraph 92 of the Complaint, defendants re-allege and re-incorporate herein as if fully set forth the responses to paragraphs 1 through 91 of the Complaint.

23. In response to the allegations of paragraphs 93 through 95 of the Complaint, defendants deny the allegations therein contained and that plaintiff was damaged as alleged or at all.

/////

**XI.**

**RESPONSE TO**

**"SIXTH CAUSE OF ACTION"**

24. In response to the allegations of paragraph 96 of the Complaint, defendants re-allege and re-incorporate herein as if fully set forth the responses to paragraphs 1 through 95 of the Complaint.

25. In response to the allegations of paragraphs 97 through 102 of the Complaint, defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**XII.**

**RESPONSE TO**

**"SEVENTH CAUSE OF ACTION"**

26. In response to the allegations of paragraph 103 of the Complaint, defendants re-allege and re-incorporate herein by reference as if fully set forth their responses to paragraphs 1 through 102 of the Complaint.

27. In response to the allegations of paragraphs 104 through 110 of the Complaint, defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As and for a first affirmative defense, defendants allege that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, defendants are entitled to qualified immunity.

**SECOND AFFIRMATIVE DEFENSE**

As and for a second and separate affirmative defense, defendants allege that plaintiff has failed to allege and/or have not stated facts

6

sufficient to show an affirmative link between these answering defendants and the acts which allegedly violated plaintiff's rights.

### THIRD AFFIRMATIVE DEFENSE

As and for a third and separate affirmative defense, defendants allege that pursuant to Government Code section 815, these answering defendants are not liable for any injury, except as otherwise provided by statute.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth and separate affirmative defense, defendants allege that these answering defendants are immune from liability pursuant to Government Code section 820.4.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth and separate affirmative defense, defendants allege on information and belief that persons or entities other than these answering defendants were responsible for the damages alleged by plaintiff, if any there were. It was this fault or negligence of third parties, and not any act or acts of these answering defendants, which proximately contributed to the damages, if any, suffered by plaintiff. This defense is interposed only in the alternative and does not admit any of the allegations of the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth and separate affirmative defense, defendants allege that plaintiff's action is barred by all applicable Government Code immunities including, but not limited to §815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh and separate affirmative defense, defendants

7

allege that they are entitled to immunities provided by the California Business & Professions Code sections 2395, 2396 and 2397.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth and separate affirmative defense, defendants are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code sections 43.55.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth and separate affirmative defense, all the while denying that any act or failure to act as alleged or otherwise in contravention of plaintiff's civil rights occurred, these answering defendants assert that all actions or decisions not to act by these defendants were performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of plaintiff, if in fact plaintiff's rights were violated which these defendants deny, such acts or decisions not to act as were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, these answering defendants are immune from claims that they violated plaintiff's civil rights based upon this good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth and separate affirmative defense, defendants allege that plaintiff has failed to comply with the Code of Civil Procedure section 425.13(a) with respect to his alleged claim for punitive damages against

medical care providers, with respect to any alleged claim against such health care provider under California statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh and separate affirmative defense, defendants allege that in the event these answering defendants are found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), defendants may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiffs pursuant to California Civil Code section 3333.1.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth and separate affirmative defense, defendants allege that in the event these answering defendants are found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages for non-economic losses shall not exceed the amount specified in California Civil Code section 3333.2.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth and separate affirmative defense, defendants allege that in the event these answering defendants are found liable, (which supposition is denied and merely stated for the purpose of this affirmative defense), defendants may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure, section 667.7, paid in whole or in part, as specified in California Code of Civil Procedure section 667.7.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth and separate affirmative defense, defendants allege that some or all of the claims asserted in the Complaint are barred by the provisions of California Code of Civil Procedure sections 340, 340.5 and 474.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As and for a fifteenth and separate affirmative defense, defendants allege that the provisions of California Civil Code section 1431.2 are applicable to some or all of the claims asserted in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for a sixteenth separate affirmative defense, defendants allege that some or all of the claims asserted in the Complaint are barred by the provisions of California Civil Code section 1714.8.

WHEREFORE, Defendants pray for relief as follows:

1. That this court deny all of Plaintiff's prayers for relief as and against these answering defendants;

2. That the court enter an order of dismissal with prejudice as to all claims for relief as and against these answering defendants;

3. That the court award costs and recoverable fees to these answering defendants;

4. And, that this court grant additional relief for these answering defendants as the court deems right and just.

Dated: October 11, 2016                    LAW OFFICES OF JEROME M. VARANINI


                                            /S/ Jerome M. Varanini
                                            _____
                                            By: Jerome M. Varanini
                                            Attorney For Defendants
                                            CALIFORNIA FORENSIC MEDICAL GROUP,
                                            INC.,TAYLOR FITHIAN, M.D., ALISHA
                                            STOTTSBERRY, R.N., MANDY ROBBINS,
                                            L.V.N., ROBIN BRIGGS, L.V.N., and
                                            MONIQUE QUILLEN, L.V.N.

**DEMAND FOR JURY TRIAL**

Defendants CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., ALISHA STOTTSBERRY, R.N., MANDY ROBBINS, L.V.N., ROBIN BRIGGS, L.V.N., and MONIQUE QUILLEN, L.V.N., request a trial by jury in

1 this matter.

2 Dated: October 11, 2016                        LAW OFFICES OF JEROME M. VARANINI

3

4 _____          */S/ Jerome M. Varanini*

5                                                 By: Jerome M. Varanini
                                                  Attorney For Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28