1
2
3
4

Gregory M. Fox, State Bar No. 070876
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:    (415) 353-0999
Facsimile:    (415) 353-0990
E-mail: gfox@bfesf.com

5
6
7
8

Attorneys for Defendants
County of Lake, Sherriff Brian Martin, Captain Greg Hosman,
Sergeant Renee Leffler, Officer James Rhine, Officer Douglas
Aleman, Officer Jared McColough, Officer Joshua Phillipi,
Deputy Kalen Brockwalder, Deputy Michael Davis

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| DANE SHIKMAN,<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF LAKE; COUNTY OF LAKE SHERIFF BRIAN MARTIN; CAPTAIN GREG HOSMAN; SERGEANT RENEE LEFFLER; OFFICER JAMES RHINE; OFFICER DOUGLAS ALEMAN; OFFICER KATHERINE PRINCE; OFFICER JARED MCCOLOUGH; OFFICER JOSHUA PHILLIPI; DEPUTY KALEN BROCK WALDER; DEPUTY MICHAEL DAVIS; CALIFORNIA FORENSIC MEDICAL GROUP; TAYLOR FITHIAN, M.D.; ROBBIN BRIGGS; MONIQUE QUILLEN; MANDY ROBBINS; ALISHA STOTTSBERRY; and DOES 1-50;,<br><br>          Defendants. | Case No. 1:16-cv-05121-NJV<br><br>**DEFENDANTS COUNTY OF LAKE, SHERRIFF BRIAN MARTIN, CAPTAIN GREG HOSMAN, SERGEANT RENEE LEFFLER, OFFICER JAMES RHINE, OFFICER DOUGLAS ALEMAN, OFFICER JARED MCCOLOUGH, OFFICER JOSHUA PHILLIPI, DEPUTY KALEN BROCKWALDER, DEPUTY MICHAEL DAVIS'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEFENDANTS' DEMAND FOR JURY TRIAL**<br><br>Magistrate Judge Nandor J. Vadas |

24
25
26
27
28

        Defendants COUNTY OF LAKE, SHERIFF BRIAN MARTIN, CAPTAIN GREG HOSMAN, SERGEANT RENEE LEFFLER, JAMES RHINE, DOUGLAS ALEMAN, JARED MCCOLOUGH, JOSHUA PHILLIPI, KALEN BROCKWALDER and MICHAEL DAVIS (hereafter referred to collectively as "County Defendants") hereby demand a jury trial in the above-captioned matter and answer plaintiff's Complaint filed on September 6, 2016, as follows:

1

## ANSWER TO "JURISDICTION/VENUE/GOVERNMENT CLAIM"

1.    Answering paragraph 1: These answering County Defendants neither admit nor deny the allegations in this paragraph as they are matters of law not appropriate for admission or denial.

2.    Answering paragraph 2: These answering County Defendants neither admit nor deny the allegations in this paragraph as they are matters of law not appropriate for admission or denial.

3.    Answering paragraph 3: These answering County Defendants neither admit nor deny the allegations in this paragraph as they are matters of law not appropriate for admission or denial.

4.    Answering paragraph 4: These answering County Defendants admit that at all relevant times alleged in the complaint the County of Lake was a public entity organized and existing under the laws of the State of California, plaintiff filed a government claim against the County on January 29, 2016, the County rejected the claim on March 17, 2016, and plaintiff's complaint was filed within the six month provision of the California Government Code. This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

5.    Answering paragraph 5: These answering County Defendants admit on information and belief that plaintiff demands a jury trial in this action.

## ANSWER TO "IDENTIFICATION OF DECEDENT"

6.    Answering paragraph 6: These answering County Defendants admit on information and belief that Elizabeth Gaunt committed suicide while in custody of the Lake County jail on August 2, 2015. This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

## ANSWER TO "IDENTIFICATION OF DEFENDANTS"

7.    Answering paragraph 7: These answering County Defendants admit that the County is responsible for overseeing the Lake County jail, the Lake County Sheriff's Office, Lake County Sheriff Brian Martin, Lake County Sheriff's Captain Greg Hosman and Lake County Sheriff's deputies and correctional officers and employees of the County. These answering County Defendants deny that the County is liable for the acts of all parties, personnel and entities described in the complaint. This action

2

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV

1   is in the initial investigation stages and defendants lack sufficient information or belief as to the

2   remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained

3   therein.

4       8.      Answering paragraph 8:  These answering County Defendants admit that Martin was the

5   Sheriff for the County, Hosman was the Sheriff's Captain and that Martin and Hosman are being sued in

6   their individual and official capacities.  This action is in the initial investigation stages and defendants

7   lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground,

8   deny the remaining allegations contained therein.

9       9.      Answering paragraph 9:  These answering County Defendants admit that Sergeant Renee

10  Leffler was a correctional officer/ supervisor employed by the County and working at the jail, and that

11  she is being sued in both individual and official capacities.  This action is in the initial investigation

12  stages and defendants lack sufficient information or belief as to the remaining allegations in this

13  paragraph, and, on this ground, deny the remaining allegations contained therein.

14      10.     Answering paragraph 10:  These answering County Defendants admit that James Rhine

15  was a correctional officer employed by the County and working at the jail, and that he is being sued in

16  both individual and official capacities.  This action is in the initial investigation stages and defendants

17  lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground,

18  deny the remaining allegations contained therein.

19      11.     Answering paragraph 11:  These answering County Defendants admit that Douglas

20  Aleman was a correctional officer employed by the County and working at the jail, and that he is being

21  sued in both individual and official capacities.  This action is in the initial investigation stages and

22  defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on

23  this ground, deny the remaining allegations contained therein.

24      12.     Answering paragraph 12:  These answering County Defendants admit that Katherine

25  Prince was a correctional officer employed by the County and working at the jail, and that she is being

26  sued in both individual and official capacities.  This action is in the initial investigation stages and

27  defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on

28  this ground, deny the remaining allegations contained therein.

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV

13.     Answering paragraph 13:   These answering County Defendants admit that Jared McColough was a correctional officer employed by the County and working at the jail, and that he is being sued in both individual and official capacities.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

14.     Answering paragraph 14:  These answering County Defendants admit that Joshua Phillipi was a correctional officer employed by the County and working at the jail, and that he is being sued in both individual and official capacities.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

15.     Answering paragraph 15:   These answering County Defendants admit that Kalen Brockwalder was a correctional officer employed by the County and working at the jail, and is being sued in both individual and official capacities.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

16.     Answering paragraph 16:  These answering County Defendants admit that Michael Davis was a correctional officer employed by the County and working at the jail, and is being sued in both individual and official capacities.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

17.     Answering paragraph 17:  These answering County defendants admit on information and belief that defendant California Forensic Medical Group (CFMG) had a contract with the County to provide medical and mental health services for inmates at the Lake County jail.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

18.     Answering paragraph 18:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations contained therein.

4

19.     Answering paragraph 19:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations contained therein.

20.     Answering paragraph 20:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations contained therein.

21.     Answering paragraph 21:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations contained therein.

22.     Answering paragraph 22:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations contained therein.

## ANSWER TO "IDENTIFICATION OF PLAINTIF"

23.     Answering paragraph 23:  These answering County defendants lack sufficient information or belief as the allegations in this paragraph, and, on this ground deny the allegations contained therein.

## ANSWER TO "FACTS LEADING TO GAUNT'S IN-CUSTODY SUICIDE"

24.     Answering paragraph 24:  These answering County defendants admit on information and belief that on August 1, 2015, at approximately 12:13 p.m., Lake County Sheriff's Deputies Brockwalder and Davis contacted decedent Gaunt in Nice, California and that Gaunt's behavior was unusual.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

25.     Answering paragraph 25:  These answering County defendants admit on information and belief that Gaunt told Deputies Brockwalder and Davis that her name was Carrey Scott, she thought she was in Florida, the year was 2005 and George Bush was the president of the United States.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

26.     Answering paragraph 26:  These answering County defendants admit on information and

5

belief that Gaunt was arrested and taken to the Hill Road Jail.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

27.    Answering paragraph 27:  These answering County defendants admit on information and belief that Gaunt arrived at the Hill Road Jail at approximately 1:00 p.m. on August 1, 2015 and that Rhine and Leffler assisted with the intake process.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

28.    Answering paragraph 28:  These answering County defendants admit on information and belief that sobering cell assessments were performed on Gaunt.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

29.    Answering paragraph 29:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

30.    Answering paragraph 30:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

31.    Answering paragraph 31:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

32:    Answering paragraph 32:  These answering County defendants admit on information and belief that Gaunt was in a sobering cell with video surveillance and sobering cell checks every 15 minutes.  This action is in the initial investigation stages and defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

33.    Answering paragraph 33:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

6

1   and, on this ground, deny the allegations contained therein.

2       34.     Answering paragraph 34:  This action is in the initial investigation stages, and these

3   answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

4   and, on this ground, deny the allegations contained therein.

5       35.     Answering paragraph 35:  This action is in the initial investigation stages, and these

6   answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

7   and, on this ground, deny the allegations contained therein.

8       36.     Answering paragraph 36:  This action is in the initial investigation stages, and these

9   answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

10  and, on this ground, deny the allegations contained therein.

11      37.     Answering paragraph 37:  This action is in the initial investigation stages, and these

12  answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

13  and, on this ground, deny the allegations contained therein.

14      38.     Answering paragraph 38:  This action is in the initial investigation stages, and these

15  answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

16  and, on this ground, deny the allegations contained therein.

17      39.     Answering paragraph 39:  This action is in the initial investigation stages, and these

18  answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

19  and, on this ground, deny the allegations contained therein.

20      40.     Answering paragraph 40:  This action is in the initial investigation stages, and these

21  answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

22  and, on this ground, deny the allegations contained therein.

23      41.     Answering paragraph 41:  This action is in the initial investigation stages, and these

24  answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

25  and, on this ground, deny the allegations contained therein.

26      42.     Answering paragraph 42:  This action is in the initial investigation stages, and these

27  answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

28  and, on this ground, deny the allegations contained therein.

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV

43.     Answering paragraph 43:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

44.     Answering paragraph 44:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

45.     Answering paragraph 45:  These answering County defendants deny the allegations as to the County, Martin or Hosman.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

46.     Answering paragraph 46:  These answering County defendants deny the allegations as to the County, Martin or Hosman.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

47.     Answering paragraph 47:  These answering County defendants deny the allegations as to the County, Martin or Hosman.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

48.     Answering paragraph 48: These answering County defendants deny the allegations as to the County, Martin or Hosman.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

### ANSWER TO FIRST CAUSE OF ACTION (VIOLATION OF 42 U.S. CODE § 1983 – FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL/MENTAL HEALTH NEEDS OF GAUNT AND FAILURE TO PROTECT GAUNT FROM HARM) (AGAINST ALL DEFENDANTS INCLUDING DOES)

49.     Answering paragraph 49:  These answering County defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

50.     Answering paragraph 50:  This action is in the initial investigation stages, and these

8

answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

51.     Answering paragraph 51:  These answering County defendants admit on information and belief that Gaunt was in the custody of the County, and/or CFMG, at the jail.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

52.     Answering paragraph 52:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

53.     Answering paragraph 53:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

54.     Answering paragraph 54: These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

55.     Answering paragraph 55:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

56.     Answering paragraph 56:  These answering County defendants deny each and every allegation contained therein as to the County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

57.     Answering paragraph 57:  These answering County defendants deny each and every allegation contained therein as to the County defendants, and deny that plaintiff was damaged by these

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV

answering defendants in any sum or sums as alleged or at all.

58.    Answering paragraph 58: These answering County defendants deny each and every allegation contained therein as to the County defendants.

59.    Answering paragraph 59:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

**ANSWER TO SECOND CAUSE OF ACTION (VIOLATION OF 42 U.S. CODE § 1983 – FOURTEENTH AMENDMENT – INADEQUATE POLICIES, CUSTOMS,AND/OR PRACTICES RESULTING IN DEPRIVATION OF MEDICAL/MENTAL HEALTH CARE TO GAUNT AND FAILURE TO PROTECT GAUNT FROM HARM) (AGAINST DEFENDANTS COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, HOSMAN AND DOES ONLY)**

60.    Answering paragraph 60:  The County defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

61.    Answering paragraph 61:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

62.    Answering paragraph 62:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

63.    Answering paragraph 64:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

64.    Answering paragraph 64:  These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

65.    Answering paragraph 65:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph,

10

and, on this ground, deny the allegations contained therein.

66.    Answering paragraph 66:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

67.    Answering paragraph 67: These answering County defendants deny each and every allegation contained therein as to the County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

68.    Answering paragraph 68: These answering County defendants deny each and every allegation contained therein as to the County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

69.    Answering paragraph 69: These answering County defendants deny each and every allegation contained therein as to the County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

70.    Answering paragraph 70:  These answering County defendants deny each and every allegation contained therein as to the County defendants.

71.    Answering paragraph 71:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

**ANSWER TO THIRD CAUSE OF ACTION (VIOLATION OF 42 U.S. CODE § 1983 – FOURTEENTH AMENDMENT – FAILURE TO TRAIN/SUPERVISE  RESULTING IN DEPRIVATION OF MEDICAL/MENTAL HEALTH CARE TO GAUNT AND FAILURE TO PROTECT GAUNT FROM HARM) (AGAINST DEFENDANTS COUNTY, CFMG, FITHIAN, STOTTSBERRY, MARTIN, HOSMAN AND DOES ONLY)**

72.    Answering paragraph 72:  These answering County defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

73.    Answering paragraph 73:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining

11

allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

74.    Answering paragraph 74:   These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

75.    Answering paragraph 75:   This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

76.    Answering paragraph 76:   These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

77.    Answering paragraph 77:   These answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

78.   Answering paragraph 78:   This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

79.    Answering paragraph 79:   These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

80.    Answering paragraph 80: These answering County defendants deny each and every allegation contained therein as to the County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

81.    Answering paragraph 81: These answering County defendants deny each and every allegation contained therein as to the County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV

82.     Answering paragraph 82: These answering County defendants deny each and every allegation contained therein as to the County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

83.     Answering paragraph 83:  These answering County defendants deny each and every allegation contained therein as to the County defendants.

84.     Answering paragraph 84:  These answering County defendants deny each and every allegation contained therein as to the County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

### ANSWER TO FOURTH CAUSE OF ACTION (WRONGFUL DEATH ARISING FROM NEGLIGENCE) (AGAINST ALL DEFENDANTS, INCLUDING DOES)

85.     Answering paragraph 85:  These answering County defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

86.     Answering paragraph 86:  These answering County defendants admit on information and belief that Gaunt was in custody at the Hill Road Jail at the time of her death.  This action is in the initial investigation stages, and these County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

87.     Answering paragraph 87:  These answering County defendants deny each and every allegation contained therein as to these County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

88.     Answering paragraph 88:  These answering County defendants deny each and every allegation contained therein as to these County defendants.  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground, deny the remaining allegations contained therein.

89.     Answering paragraph 89:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

13

90.    Answering paragraph 90:  These answering County defendants deny each and every allegation contained therein.

91.    Answering paragraph 91:  These answering County defendants deny each and every allegation contained therein as to these answering County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

## ANSWER TO FIFTH CAUSE OF ACTION (VIOLATION OF CALIFORNIA GOVERNMENT CODE §845.6) (AGAINST ALL DEFENDANTS, INCLUDING DOES)

92.    Answering paragraph 92:  These answering County defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

93.    Answering paragraph 93:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

94.    Answering paragraph 94:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

95.    Answering paragraph 95:  These answering County defendants admit on information and belief that Gaunt committed suicide at the Hill Road jail.  These answering County defendants deny each and every remaining allegation contained therein as to these answering County defendants, and deny that plaintiff was damaged by these answering defendants in any sum or sums as alleged or at all.

## ANSWER TO SIXTH CAUSE OF ACTION (VIOLATION OF 42 U.S. CODE §12132 AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE GAUNT'S MENTAL DISABILITY AND DISCRIMINATION AGAINST GAUNT BASED ON MENTAL DISABILITY) (AGAINST COUNTY, CFMG, AND DOES ONLY)

96.    Answering paragraph 96:  These answering County defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

97.    Answering paragraph 97:  These answering County Defendants neither admit nor deny the allegations in this paragraph as they are matters of law not appropriate for admission or denial.

98.    Answering paragraph 98:  These answering County defendants deny each and every allegation contained therein.

14

99.     Answering paragraph 99:  These answering County Defendants neither admit nor deny the allegations in this paragraph as they are matters of law not appropriate for admission or denial.

100.    Answering paragraph 100:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

101.    Answering paragraph 101:  These answering County defendants deny each and every allegation contained therein.

102.    Answering paragraph 102:  These answering County defendants deny each and every allegation contained therein, and deny that plaintiff was damaged in any sum or sums as alleged or at all.

**ANSWER TO SEVENTH CAUSE OF ACTION (VIOLATION OF CIVIL CODE 51 – UNRUH ACT – FAILURE TO ACCOMMODATE GAUNT'S MENTAL DISABILITY AND DISCRIMINATION AGAINST GAUNT BASED ON MENTAL DISABILITY) (AGAINST COUNTY, CFMG, AND DOES ONLY)**

103.    Answering paragraph 103:  These answering County defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

104.    Answering paragraph 104:  These answering County defendants deny that Gaunt's rights under the ADA were violated or that a violation of Civil Code 51 occurred.  These answering County Defendants neither admit nor deny the remaining allegations in this paragraph as they are matters of law not appropriate for admission or denial.

105.    Answering paragraph 105:  These answering County Defendants neither admit nor deny the allegations in this paragraph as they are matters of law not appropriate for admission or denial.

106.    Answering paragraph 106:  These answering County defendants deny each and every allegation contained therein.

107.    Answering paragraph 107:  These answering County Defendants neither admit nor deny the allegations in this paragraph as they are matters of law not appropriate for admission or denial.

108.    Answering paragraph 108:  This action is in the initial investigation stages, and these answering County defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground, deny the allegations contained therein.

109.    Answering paragraph 109:  These answering County defendants deny each and every

15

allegation contained therein.

110.    Answering paragraph 110:   These answering County defendants deny each and every allegation contained therein, and deny that plaintiff was damaged in any sum or sums as alleged or at all.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against the answering defendants, and each of them.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than answering defendants, including, but not limited to, plaintiff and plaintiff's decedent herself and bars recovery.  In the event that any fault of answering defendants is found to have contributed to any such damages, plaintiff's recovery, if any, from answering defendants is limited to that percentage of plaintiff's damages equal to the percentage by which answering defendants' fault contributed to said damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and plaintiff's decedent voluntarily consented to and participated in the acts complained of, and/or failed to mitigate damages, and said failure proximately contributed to the events and damages alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, unclean hands, issue preclusion, collateral estoppel, res judicata, and by all applicable federal and state statutes of limitation, including all claim filing requirements of the California Tort Claims Act.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 815.6, as all acts and/or omissions complained of by plaintiff was reasonable and/or exercised with reasonable diligence within the meaning of said statute.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff, by his actions and/or inactions, has waived his rights to litigate the claims alleged in the

16

Complaint against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants at all times referred to in plaintiff's complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability for any actions that transpired at the time and place of the events complaint of by reason of the statutory immunities contained in California Government Code, Title I, Division 3.6, Sections 810, et seq., including but not limited to Sections 815, 815.2(b), 815.6, 818, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821.6, 821.8 and 822.2, 845.6, 855.

## NINTH AFFIRMATIVE DEFENSE

Answering defendants' acts were not a substantial or proximate cause of any injury to plaintiff or plaintiff's decedent.

## TENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 815.2 and 820.2, as all acts and/or omissions complained of by plaintiff were discretionary acts within the meaning of said statute.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and plaintiff's decedent voluntarily assumed the risk of injuries and damages arising out of the subject incident, and said assumption of risk acts as a complete bar to any recovery in this matter.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of any government claim(s) presented to with these answering defendants and defendants' employer, a public entity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Penal Code Sections 834, 834a, 835, 835a, 836, 836.5 and 840 for any police conduct/action relating to the incident complained of by plaintiff.

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as answering defendants exercised due care in the execution and enforcement of the law relative to plaintiff and/or is immune for invalid or inapplicable enactments.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 821.6 for instituting/prosecuting any and all judicial proceedings which relate to the subject incident.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability, as plaintiff's allegations do not rise to the level of punishment in violation of the Due Process clause of the Fourteenth Amendment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability for injury to or by any prisoner within defendants' custody pursuant to the provisions of California Government Code Sections 844.6, 845.2 and 854.8.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 845.6 for the failure to obtain or furnish medical care for any prisoner within defendants' custody.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Penal Code Section 847 since, at the time of the subject incident, defendants had reasonable cause to believe that any attempted arrest/detention was lawful.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Sections 818.2 and 821 for failing to adopt an enactment or enforce any law, and under Government Code Sections 818.4, 818.6, 821.2 and 821.4 for any alleged improper licensing activities and/or property inspections.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Section 845 for the alleged failure to provide police protection or to provide sufficient police protection and California Government Code Section 845.8 for any injury resulting from an escaping or escaped prisoner, an

18

escaping or escaped arrested person, or a person resisting arrest.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants are immune from liability under the provisions of California Government Code Section 845.4 for any alleged interference with the right of a prisoner to a judicial determination of the legality of his confinement or probation.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants allege that, in the event defendants are found to be liable, which is expressly denied herein, defendants may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.* and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs*, 475 U.S. 335 (1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Anderson v. Creighton*, 107 S.Ct. 3034 (1987), *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) and other applicable statutory and judicial authorities.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff fails to sufficiently allege a cause of action on any federal claim for relief.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against answering defendants.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

No municipal policy, pattern or practice caused any deprivation of plaintiff's federal civil rights, and thus under the doctrine of law announced in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and other applicable statutory and judicial authorities, plaintiff is not entitled to judgment against answering defendants.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants' alleged acts were reasonable under the doctrine set forth in *Graham v. Connor*, 490 U.S. 386, 108 S. Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

19

1

#### TWENTY-NINTH AFFIRMATIVE DEFENSE

2     Plaintiff's decedent has been denied no federally protected civil right without due process of law,

3  since due process exists in the form of adequate remedies at law.

4

#### THIRTIETH AFFIRMATIVE DEFENSE

5     Defendants are immune from liability pursuant to all remaining applicable provisions of the

6  California Tort Claims Act and other relevant state and federal statutes and/or regulations.

7

#### THIRTY-FIRST AFFIRMATIVE DEFENSE

8     Answering defendants allege that, at all times relevant hereto, defendants acted in good faith,

9  without malice, upon a reasonable belief that decedent was involved in criminal activity and/or

10  threatening the safety and life of persons.

11

#### THIRTY-SECOND AFFIRMATIVE DEFENSE

12     Answering defendants allege that decedent's actions placed defendants in fear of the safety and/or

13  lives of others and that defendants acted in the defense of themselves and/or others.

14

#### THIRTY-THIRD AFFIRMATIVE DEFENSE

15     Answering defendants are informed and believe and thereon allege that the acts complained of by

16  plaintiff were provoked by plaintiff's and/or plaintiff's decedent's conduct and defendants' conduct was

17  not excessive or unreasonable.

18

#### THIRTY-FOURTH AFFIRMATIVE DEFENSE

19     Defendants had probable and/or reasonable cause to detain and/or arrest plaintiff's decedent, and

20  the seizure was reasonable and lawful.

21

#### THIRTY-FIFTH AFFIRMATIVE DEFENSE

22     Defendants are immune from liability under California Government Code Section 846 for injury

23  caused by the failure to secure or arrest a person in custody.

24

#### THIRTY-SIXTH AFFIRMATIVE DEFENSE

25     Plaintiff's complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section

26  1983 against these responding defendants.

27

#### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

28     Defendants are immune from liability under California Government Code Sections 855, 855.2,

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV

855.4, 855.6, 855.8, 856, 856.2 and 856.4 for failing to diagnose that any person was afflicted with a mental illness/disorder or by the failure to provide/prescribe for said illness/disorder.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Sections 850, 850.2, 850.4, and 850.8 for injury caused by transport or failure to transport to a medical facility.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant public entities are immune from liability pursuant to California Government Code Sections 815 and 815.2 for the acts of their employees who are immune from liability.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a legal or factual basis to support a prayer for punitive damages against these answering defendants, and there is no statutory or other basis for the attorney's fees sought by plaintiff.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants shall only be responsible, if at all, for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code §1431.2).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants are immune from liability under the provisions of California Government Code Sections 810 through 996.6.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to file a sufficient claim as required under California Government Code Sections 910 *et seq.,* and other applicable provisions of law, and to the extent the complaint is at variance with the Government Claim, or attempts to enlarge or expand upon those allegations and theories, the claims are barred under the provisions of California Government Code sections 905, 910, 911.2, 945.5, 950.2 and related provisions.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the requirements of the Medical Injury Compensation Recover Act (MICRA), California Code of Civil Procedure section 364, to the extent plaintiff seeks recover under the MICRA.

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV

1

## FORTY-FIFTH AFFIRMATIVE DEFENSE

2      Defendants are entitled to the benefits, rights, immunities, and provisions that are enumerated and

3  as set forth in the Medial Injury Compensation Reform Act, California Business and Professions Code

4  section 6146, California Civil Code Section 3333.1 and California Code of Civil Procedure Sections 364,

5  365 and 667.7, and California Civil Code Section 1714.8.

6      WHEREFORE defendants pray that:

7      1.      Plaintiff take nothing by reason of his Complaint;

8      2.      Defendants be awarded their costs of suit incurred herein and their attorneys' fees

9  pursuant to 42 U.S.C. Section 1988 and all other applicable federal statutes and judicial authorities; and

10     3.      Defendants be granted such further relief as the Court deems proper.

11

12  Dated:  October 28, 2016                     BERTRAND, FOX, ELLIOT, OSMAN &
                                                 WENZEL
13

14

15                                      By: /s/ Gregory M. Fox
                                            Gregory M. Fox
16                                          Attorneys for Defendants
                                            County of Lake, Sheriff Brian Martin, Captain
17                                          Greg Hosman, Sergeant Renee Leffler, Officer
                                            James Rhine, Officer Douglas Aleman, Officer
18                                          Jared McColough, Officer Joshua Phillipi, Deputy
                                            Kalen Brockwalder, Deputy Michael Davis
19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
*Shikman v. County of Lake, et. al.*, USDC Northern Dist. Case No. 1:16-cv-05121-NJV